UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE SIGN POST, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BOB'S BURGER AND BREW OF WASHINGTON, LLC (d/b/a Bob's Burger & Brew), a Washington limited liability company, RICK KILDALL, an individual, and BOB KILDALL, an individual.<br><br>　　　　　　Defendants. | NO. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGMENT**<br><br>**JURY TRIAL DEMANDED** |

The Sign Post, Inc. alleges for its Complaint against Bob's Burger and Brew of Washington, LLC, Rick Kildall, and Bob Kildall as follows:

**I. NATURE OF THE CASE**

1.1.　This is an action for copyright infringement.

1.2.　Plaintiff The Sign Post, Inc. ("***TSP***"), designs and sells copyrighted designs used to manufacture signage. Defendants Bob's Burger and Brew of Washington, LLC ("***Bob's***"), Rick Kildall, and Bob Kildall (the "***Kildalls***") (collectively "***Defendants***") willfully infringed TSP's copyrights, by copying, displaying, creating derivative works based on, and otherwise

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 1

exploiting copies of TSP's copyrighted designs without authorization from TSP. As the registered copyright holder, TSP brings this lawsuit to enjoin Defendants from further committing copyright infringement and to recover damages from Defendants' exploitation thereof.

## II. Jurisdiction and Venue

2.1.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

2.2.  This Court has personal jurisdiction over Defendants because Defendants Bob's maintains their principal place of business in the State of Washington, and the individual defendants are all residents of the State of Washington.

2.3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because TSP resides in this judicial district and because the damaged suffered by TSP occurred in this judicial district. Venue is also proper under 28 U.S.C. § 1400(a) because Defendants have engaged in infringing activities within this judicial district.

## III. Parties

3.1.  Plaintiff TSP is a business incorporated in the State of Washington having its principal place of business in Bellingham, Washington. TSP is one of the preeminent designers and manufacturers of signage and displays in Washington State.

3.2.  Defendant Bob's is a Washington limited liability company having its principal place of business in Lynden, Washington. Bob's operates numerous restaurants throughout Whatcom and Skagit Counties in the State of Washington. Defendant Rick and Bob Kildall are individuals domiciled in Bellingham, Washington. Rick Kildall is a member of Bob's. Bob Kildall is affiliated with Bob's in an unknown capacity, but is believed to exert control over Bob's activities. Defendants provided material assistance to each other in committing the infringements herein and financially benefitted therefrom. Bob and Rick Kildall were personally involved in all of the infringements in question.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 2

IV. FACTS

**Ownership of the Copyrighted Works.**

4.1.     TSP is, and at all times relevant to the matters alleged in this Complaint was, engaged in the business of branding and designing identities, and designing, fabricating, installing, and maintaining signage and displays based on such branding and identities. As part of the creation of its signs and displays, TSP develops an overall look for a brand, and produces original artwork and designs which are used to manufacture the signage and displays which reflect the brand. TSP takes substantial efforts to perfect and protect its artwork and designs, which artwork and designs constitute TSP's valuable intellectual property.

4.2.     As discussed more fully *infra*, as part of a rebranding effort for Bob's, TSP created artwork for signage to be used by Defendant Bob's (the "*Works*"). TSP obtained copyright registrations for the Works, namely, the following four registrations:

| Title of Work | Reg. Number | Reg. Date |
| --- | --- | --- |
| "Bob's Burgers & Brew" | VA0001411183 | June 7, 2007 |
| "Bob's Burgers & Brew": pole sign | VA0001418255 | June 7, 2007 |
| "Bob's Burgers & Brew": freeway sign | VA0001418256 | June 7, 2007 |
| "Bob's Burgers & Brew": entry sign | VA0001418257 | June 7, 2007 |

4.3.     TSP is the sole and exclusive owner of all copyrights for the Works.

**Defendants' Acts of Infringement**

4.4.     In 2003, as part of Bob's rebranding efforts, TSP produced original artwork and designs. Copies of the artwork are attached as **Exhibit A** hereto. TSP produced these designs to manufacture signage for various Bob's locations, commencing with Cook Road in Burlington, Washington. As set forth *supra* in Paragraph 4.2, TSP applied for, and was granted, copyright registrations in these designs by the United States Copyright Office. Subsequently, TSP produced signage for various Bob's locations, using the copyright-protected designs it had created.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 3

4.5.     When TSP created the artwork and signage for Bob's, it did not transfer any copyright rights in the designs and artwork to Bob's. The parties never contemplated such an agreement, and no such agreement exists. Consequently, TSP is the author of the copyrights in the designs and has exclusive ownership therein.

4.6.     However, starting with Bob's Railroad Avenue location in Bellingham, Washington, Defendants utilized a different company to fabricate signage for Bob's restaurants using the Works, but failed to obtain TSP's authorization to use the Works. Defendants had signage produced by another company using TSP's designs and installed those signs at its Railroad Avenue location, and, later, at its locations at Birch Bay Square in Bellingham, Washington, and in Lynden, Washington. Bob and Rick Kildall had the implied or express authority to make the decision regarding signage at these locations. The signage at these locations was produced pursuant to their direction and control. Prior to production of the signage at these locations, TSP advised Bob's that Bob's did not have a license to utilize the Works.

4.7.     In June 2009, Defendants contacted TSP to request a bid for signage for a new restaurant location in Yakima, Washington. Defendants planned to have new signage fabricated using the existing designs created by TSP and protected by the copyright registrations set forth in Paragraph 4.2. On July 16, 2009, Jeff Roberts ("**Roberts**") (who operates the unopened franchise of Bob's in Yakima) sent an email message to Ken Dennis of TSP, informing Mr. Dennis that Bob's was rejecting TSP's bid and was going to use a sign company other than TSP to produce the new Bob's signage. On July 21, 2009, Mr. Dennis sent an email in response, informing Roberts that TSP was the owner of the copyrights in the designs used to create the signs, and that any unauthorized use of the designs by Bob's would constitute an infringement of TSP's copyrights. Later that day, Defendant Rick Kildall replied to Mr. Dennis via email, informing Mr. Dennis that Bob's was the owner of certain trademarks related to Bob's restaurants. At no time in these communications did Defendants dispute that TSP owns the copyrights in the Works.

4.8.     Subsequent to these communications among Defendants and TSP, Defendants

contracted with another sign company to produce signage for the new restaurant in Yakima. To enable the other sign company to produce the signage, Defendants supplied the sign company with TSP's copyrighted designs. Thereafter, Defendants expressed their intent to produce signage at the Yakima location using these designs. Defendants' infringing acts as to the signage at the above locations was willful.

4.9. To this day, Defendants continue to display unauthorized signage bearing the Works at its restaurants on Railroad Avenue in Bellingham, at Birch Bay Square in Bellingham, in Lynden. It is unknown as to whether Defendants completed the signage at Yakima utilizing the material created by TSP, despite TSP's demands that Defendants cease using TSP's copyright material.

4.10. TSP has never granted Defendants any license in or to the Works.

4.11. Defendants knew that they did not have any rights in and to the Works and that they were not entitled to exploit the Works.

4.12. Defendants' use of the designs to develop signage at the Railroad Avenue, Birch Bay Square, and Lynden restaurants constitutes copyright infringement, in violation of TSP's rights as the copyright owner.

**Damage to TSP**

4.13. Defendants' acts of copying, displaying, and creating derivative works based on TSP's Works constitute copyright infringement, and deprived and continue to deprive TSP of revenues to which it would otherwise be entitled. Moreover, Defendants' acts deprive TSP, as sole copyright holder, of the right to control the publication, display, distribution, creation of derivative works based on, and sale of the Works.

4.14. The natural, probable, and foreseeable result of Defendants' wrongful conduct has been, and will continue to be, to deprive TSP of the benefits of licensing the works to an authorized party, and to deprive TSP of goodwill, and to injure its reputation and control over the Works.

4.15. As a direct and proximate result of the acts of the Defendants, TSP has already

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 5

suffered irreparable damage and has sustained lost profits.  TSP has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.  TSP will continue to suffer irreparable harm and sustain lost profits until Defendants' actions are enjoined by this Court.

### V. TSP's Cause of Action – Copyright Infringement

5.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 4.15 above as though fully set forth herein.

5.2. TSP owns all rights, title, and interest in and to the Works, including all exclusive rights in copyright.

5.3. TSP is the registered copyright holder of the exclusive rights in the Works with the United States Copyright Office.

5.4. TSP never granted Defendants any rights in or to the Works.  Nonetheless, Defendants copied, and/or caused others to copy, the Works and displayed the Works in signage without the authorization of TSP.

5.5. By their actions as alleged above, Defendants have infringed and will continue to infringe on TSP's copyrights in and relating to the Works by copying and displaying the Works.  See 17 U.S.C. § 106.

5.6. Further, by their actions as alleged above, Defendants have infringed and will continue to infringe on TSP's exclusive right to create derivative works of the Works.

5.7. TSP is entitled to an injunction restraining Defendants and their agents and employees, and all persons working in concert with them, from engaging in any further such acts in violation of the copyright laws.

5.8. TSP is further entitled to recover from Defendants the damages, including attorneys fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants, as a result of Defendants' acts of infringement alleged above.  At present, TSP cannot fully ascertain the amount of such damages, gains, profits, and advantages.

5.9. TSP is further entitled to statutory damages for Defendants' willful infringement

of TSP's copyrights in the Works. TSP advised Defendants on numerous occasions that TSP owned the copyrights in the Works, and that Defendants had no right to use these designs. Defendants clearly had notice of TSP's rights. Defendants' infringements were therefore willful, given Defendants' decision to proceed despite TSP having notified Defendants of TSP's rights.

### VI. RELIEF REQUESTED

WHEREFORE, Plaintiff TSP prays for the following relief:

1. That this Court find that Bob's, and the individual Defendants have infringed on TSP's copyrights in the Works pursuant to 17 U.S.C. § 501.

2. That the Defendants, and their agents, joint venturers, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on TSP's rights in the Works, including the display of the signs at the restaurants on Railroad Avenue in Bellingham, at Birch Bay Square in Bellingham, in Lyden, and in Yakima, the reproduction of the Works, or the creation of derivatives of the Works pursuant to 17 U.S.C. § 502.

3. That Defendants be required to file with the Court and to serve on TSP, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail each and every instance in which Defendants have used the Works.

5. That Defendants be required to file with the Court and to serve on TSP, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

6. That Defendants be required to file with the Court and to serve on TSP, within thirty (30) days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail each sale, distribution, reproduction, public display, marketing, license, lease, transfer, advertisement, or development of any works derived or copied from the Works.

7. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement, including the provision of an accounting of revenue or

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 7

FOCAL PLLC
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
Tel: (206) 529-4827  Fax: (206) 260-3966

other consideration generated from the sale, distribution, reproduction, public display, marketing, license, lease, transfer, of the Works.

8. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of TSP.

9. That the infringing items be impounded and destroyed pursuant to 17 U.S.C. § 503.

10. That judgment be entered for TSP and against Defendants for TSP's actual damages according to proof, and for any profits attributable to infringements of TSP's copyrights in accordance with proof pursuant to 17 U.S.C. § 504(c), or, in the alternative, that judgment be entered for TSP and against Defendants for statutory damages resulting from Defendants' willful infringement of the copyrights in the Works pursuant to 17 U.S.C. § 504(c).

11. That TSP have judgment against Defendants for TSP's costs and attorneys' fees pursuant to 17 U.S.C. § 505.

12. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

DATED this 8th day of October 2009.


Respectfully Submitted,

**FOCAL PLLC**

/s/Venkat Balasubramani

_____
Venkat Balasubramani, WSBA #28269
8426 40th Ave SW
Seattle, WA 98136
Tel:    (206) 529-4827
Fax:    (206) 260-3966
venkat@focallaw.com

Attorneys for Plaintiff

EXHIBIT A
COPIES OF THE WORKS

COMPLAINT FOR COPYRIGHT INFRINGEMENT - 9

FOCAL PLLC
8426 40TH AVE SW
SEATTLE, WASHINGTON 98136
Tel: (206) 529-4827 Fax: (206) 260-3966









TWO 36" x 60" .063 Aluminum Reflective Signs



TWO 12" X 24" .063 Aluminum Reflective Signs

JOB TITLE: bobs
FILE: tulalip/hwy signs
SCALE: 1"=1'-0
DESIGN BY: rp
DATE: 12/13/06

NOTE: This Color Drawing is a simulation of the colors to be used, and should be verified with actual materials to be used

APPROVED AS IS ☐
APPROVED W/ CHANGES AS MARKED ☐

SIGNATURE _____
DATE _____





