**Honorable Robert S. Lasnik**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE SIGN POST, INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BOB'S BURGER AND BREW OF WASHINGTON, LLC, a Washington limited liability company; RICK KILDALL; and BOB KILDALL,<br><br>                    Defendants. | NO. CV09-1420 RSL<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>**Note On Motion Calendar:**<br>**June 4, 2010** |

## I. INTRODUCTION AND RELIEF REQUESTED

The deadline for adding parties expired February 3, 2010. Plaintiff the Sign Post, Inc. ("TSP") must therefore meet the "good cause" standard for altering the scheduling order under Fed. R. Civ. P. 16 in addition to satisfying Fed. R. Civ. P. 15(a)'s more liberal amendment standard. The defendants ("BBB" collectively) would be prejudiced by the delay caused by adding parties at this time. And while TSP has surely learned more about the underlying facts through discovery, the involvement of the restaurant owners in the creation of signs for their restaurants

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT - NO. 09-1420 RSL
442493/060110 1334/63920043

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

was known to TSP and even discussed in its original complaint. The most fair and efficient way to resolve this dispute is to let the fundamental issues at stake (such as ownership of BBB's brands and logos) be tried in this case, and additional cases, if warranted, be brought by TSP in separate lawsuits.

## II. SUPPLEMENTAL STATEMENT OF FACTS

The involvement of BBB non-party restaurant operators in the use of the disputed signs has been known since before the inception of lawsuit. With respect to proposed defendant Jeff Roberts and the Yakima Bob's location, the <u>original</u> Complaint Reads:

> On July 16, 2009, Jeff Roberts ("**Roberts**") (who operates the unopened franchise of Bob's in Yakima) sent an email message to Ken Dennis of TSP, informing Mr. Dennis that Bob's was rejecting TSP's bid and was going to use a sign company other than TSP to produce the new Bob's signage. On July 21, 2009, Mr. Dennis sent an email in response, informing Roberts that TSP was the owner of the copyrights in the designs used to create the signs. . .

Dkt. No. 1 at ¶ 4.7. Moreover, TSP representative Ken Dennis, mentioned in the above referenced paragraph, was directly involved in the disputed sign transaction involving Cody Hulbert and the Birch Bay Bob's location. At the time the transaction with Mr. Hulbert occurred, Mr. Dennis worked for CDI Custom Design, Inc. The Birch Bay sign contract with CDI lists "Ken Dennis" as the CDI representative on the account. Exhibit B. to Declaration of Venkat Balsubramani, Dkt. No. 20 at 9.

BBB disputes TSP's claims and has asserted a counterclaim for declaratory relief. The ownership of BBB logos and brands is obviously important to BBB and BBB is eager to obtain clarity and certainty about such a fundamental business issue. The current case schedule calls for a trial in 6 months, beginning December 9, 2010. The deadline for joining parties was February 3, 2010. Dkt. No. 17.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT - NO. 09-1420 RSL                - 2 -
442493/060110 1334/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

### III. ARGUMENT

Amendment of pleadings after a court-established deadline is a separate inquiry from the more liberal Fed. R. Civ. P. 15(a) amendment standard. A party must show good cause to modify the deadline. Fed. R. Civ. P. 16(b)(4); Dkt. No. 17 (The "Court will alter these dates only upon good cause shown"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). As the Ninth Circuit explained:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Forstmann,* 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

*Johnson*, 975 F.2d at 609.

Here, good cause to alter the schedule does not exist because the discovery TSP points to was not necessary to make a decision over the parties it might want to join in the lawsuit. TSP's employee, Ken Dennis, was directly involved in both of the transactions in dispute and TSP pled the details of one of those transactions in its original complaint. There is also nothing surprising about the relationships among BBB and the proposed new parties. There is BBB, which is the overall corporate owner, the individual franchise operators (which TSP want to add), and the sign contractors who made the allegedly infringing signs (which TSP does not wish to add). There is nothing remarkable about the parties' relationships and TSP knew these persons existed at the time it filed its Complaint. TSP could have joined any or all of the proposed parties in the first instance. It chose not to do so.

Moreover, to the extent TSP was uncertain about the parties it wanted to join at the outset; it ignored that uncertainty and asked the Court for a joinder deadline of January 31, 2010, which is three days earlier than the deadline the Court imposed. See the parties' Joint Status Report, Dkt.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT - NO. 09-1420 RSL - 3 -
442493/060110 1334/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

No. 16. TSP could have asked for a later deadline to allow discovery to fill in the details of what it already knew. Again, it chose not to take this course.

Finally, joinder will result in prejudice to BBB arising from the very nature of this lawsuit. Any new parties will likely insist on a new case schedule and a later trial date. BBB's counterclaim is time sensitive because a dispute over the ownership of Bob's logos and insignia creates significant business uncertainty and makes future planning and investment decisions problematic. It is essentially a quiet title action to BBB's identity. TSP will not be prejudiced, and may even save resources by not bringing additional claims in this action. For example, if BBB prevails on the copyright issues on the current case schedule, TSP will know in six months that it has no ground to bring a suit against the proposed defendants and will therefore save resources. TSP also does not demonstrate how any type of forfeiture will result to it from not being allowed to join parties in this lawsuit.

### IV.  CONCLUSION

TSP has not shown good cause to modify the scheduling order. It knew or had reason to know, from the beginning, all of the facts it claims justify amendment. It chose to sue a subset of known potential defendants and asked the Court for a joinder deadline that would inevitably pass long before all discovery would be complete. Moreover, delay caused by amendment would prejudice BBB's need for a speedy adjudication of this copyright dispute. BBB therefore requests that the Motion to Amend be denied. A proposed order is attached.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT - NO. 09-1420 RSL                                  - 4 -
442493/060110 1334/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    DATED this 1st day of June, 2010.

2                                                            BETTS, PATTERSON & MINES, P.S.

3

4                                                            By    /s  Daniel L. Syhre
                                                                  Lawrence Gottlieb, WSBA #20987
5                                                                 James D. Nelson, WSBA #11134
                                                                  Daniel L. Syhre, WSBA #34158
6                                                            Betts Patterson & Mines, P.S.
                                                             One Convention Place, Suite 1400
7                                                            701 Pike Street
                                                             Seattle, Washington 98101-3927
8                                                            Telephone:  (206) 292-9988
                                                             Facsimile:  (206) 343-7053
9                                                            E-mail:     lgottlieb@bpmlaw.com
                                                             E-mail:     jnelson@bpmlaw.com
10                                                           E-mail:     dsyhre@bpmlaw.com

11

12                                                           Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT - NO. 09-1420 RSL                      - 5 -
442493/060110 1334/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# CERTIFICATE OF SERVICE

I, Daniel L. Syhre, hereby certify that on June 1, 2010, I electronically filed the following:

- **Defendants' Response To Plaintiff's Motion For Leave To Amend Complaint;**

- **Certificate of Service;**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff The Sign Post, Inc.*:
Venkat Balasubramani
Focal PLLC
8426 – 40th Avenue S.W.
Seattle, WA 98136
venkat@focallaw.com

DATED this 1st day of June, 2010.

BETTS, PATTERSON & MINES, P.S.

By   /s  Daniel L. Syhre
   Lawrence Gottlieb, WSBA #20987
   James D. Nelson, WSBA #11134
   Daniel L. Syhre, WSBA #34158
Betts Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
Telephone:  (206) 292-9988
Facsimile:  (206) 343-7053
E-mail:    lgottlieb@bpmlaw.com
E-mail:    jnelson@bpmlaw.com
E-mail:    dsyhre@bpmlaw.com

Attorneys for Defendants

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT - NO. 09-1420 RSL     - 6 -
442493/060110 1334/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988