UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
THE SIGN POST, INC., )
 )
                       Plaintiff, )
     v. )
 )
BOB'S BURGER AND BREW OF )
WASHINGTON, *et al.*, )
 )
                       Defendants. )
_____)

No. C09-1420RSL

ORDER GRANTING MOTION TO
AMEND COMPLAINT

       This matter comes before the Court on "Plaintiff's Motion for Leave to Amend Complaint." Dkt. # 19. The proposed amended complaint seeks to add two franchisees of Bob's Burger and Brew and their owners as defendants. Because the deadline for adding parties passed on February 3, 2010, plaintiff must show good cause for the amendment as well as satisfying the more lenient requirements of Rule 15(a). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

       (1) Plaintiff diligently sought discovery to ascertain whether the alleged copyright violations were caused by defendant Bob's Burger and Brew alone or whether the operators of the individual retail outlets shared culpability. Having ascertained that Bob's Burger and Brew operates under a franchise model and that its franchisees generate designs using Bob's trade names and symbols, plaintiff timely moved for leave to add additional defendants.

ORDER GRANTING MOTION TO
AMEND COMPLAINT

(2) Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Defendants argue that allowing amendment would prejudice them because it would delay a judicial finding regarding the ownership of Bob's logos and insignia. If the ownership issue can be resolved as a matter of law, Bob's could file a dispositive motion at any time, regardless of the participation of its franchisees in this litigation. Even if the ownership issue cannot be disposed prior to trial, the few months of delay that may be necessary to allow the new defendants to conduct discovery is not unduly prejudicial and would avoid the need for a separate, duplicative lawsuit related to the same issues.

For all of the foregoing reasons, plaintiff's motion to amend its complaint is GRANTED. Plaintiff shall file and serve within five days of the date of this Order an amended complaint substantially in the form attached to its motion.

Dated this 16th day of June, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
AMEND COMPLAINT          -2-