**Honorable Robert S. Lasnik**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE SIGN POST, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BOB'S BURGER AND BREW OF WASHINGTON, LLC, a Washington limited liability company; RICK KILDALL; and BOB KILDALL,<br><br>Defendants. | NO. CV09-1420 RSL<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT |

Defendants Bob's Burger and Brew of Washington LLC ("BBB"), Bob Kildall and Rick Kildall (collectively referred to as "Bob"), by way of answer to Plaintiff's First Amended Complaint for Copyright Infringement, admit, deny and allege as follows:

## I. NATURE OF CASE

1.1    Bob admits that plaintiff seeks recovery for alleged copyright infringement.

1.2    Bob admits that plaintiff manufactures and installs signs. Bob denies each and every remaining allegation contained in paragraph 1.2.

## II. JURISDICTION AND VENUE

2    Answering paragraphs 2.1 through 2.3, Bob admits that jurisdiction and venue are proper in this Court. Bob admits that BBB's principal place of business is in the State of

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Washington and that the individual defendants reside in the State of Washington. Bob denies the remaining allegations in paragraphs 2.1 though 2.3 of the Complaint, inclusive.

### III. PARTIES

3.1    Bob admits that plaintiff is incorporated in the State of Washington and has its principal place of business in Whatcom County, Washington. Bob denies the remaining allegation contained in paragraph 3.1.

3.2    Bob admits that BBB is a Washington limited liability company, with its principal place of business in Lynden, Washington, and that it operates restaurants in the State of Washington. Bob denies each and every remaining allegation contained in paragraph 3.2.

3.3    Bob admits that defendants Bob and Rick Kildall are member of BBB and that and that Bob Kildall is a Yakima Bob's member. Bob denies each and every remaining allegation contained in paragraph 3.3.

3.4    Bob admits the allegations in paragraph 3.4

3.5    Bob admits that Cody Hurlburt is a Birch Bay Bob's member. Bob's denies each and every remaining allegation contained in paragraph 3.5.

3.6    Bob admits the allegations in paragraph 3.6.

3.7    Bob admits that Jeff Roberts is a Yakima Bob's member. Bob denies the remaining allegations in paragraph 3.7.

### IV. FACTS

4.1    Bob admits that plaintiff manufactures and installs signs. Bob denies each and every remaining allegation contained in paragraph 4.1.

4.2    Bob admits that plaintiff filed the copyright registrations set out in paragraph 4.2. Bob denies each and every remaining allegation contained in paragraph 4.2.

4.3    Bob denies each and every allegation contained in paragraph 4.3.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 2 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

4.4     Bob admits that plaintiff filed the copyright registrations set out in paragraph 4.2. Bob admits that plaintiff manufactured signs for various Bob's locations. Bob denies each and every remaining allegation contained in paragraph 4.4.

4.5     Bob admits that there is no copyright transfer agreement between Bob and plaintiff. Bob admits that plaintiff manufactured signage for BBB. Bob denies each and every remaining allegation in paragraph 4.5.

4.6     Bob admits that plaintiff did not manufacture or install the most recent signs for BBB at Railroad Avenue, Birch Bay Square, Lynden, or Yakima. Bob denies each and every remaining allegation contained in paragraph 4.6.

4.7     Bob admits that TSP was not awarded the contract for the signage at Birch Bay Bob's and that CDI was awarded the contract. Bob denies the remaining allegations in paragraph 4.7 of the Complaint.

4.8     Bob denies the allegations in paragraph 4.8.

4.9     Bob admits that plaintiff was asked to provide a bid to produce the signs for a Yakima BBB restaurant, and that any e-mail documents speak for themselves. Bob denies each and every remaining allegation contained in paragraph 4.9.

4.10    Bob admits that Eagle Signs manufactured the signage at the Yakima location, Bob's denies the remaining allegations in paragraph 4.10.

4.11    Bob denies each and every allegation contained in paragraph 4.11.

4.12    Bob denies that plaintiff has any intellectual property rights in the art work or configuration of any signs, and therefore denies any allegation contained in paragraph 4.12 that plaintiff had any rights to assign to anyone, or that BBB or anyone else needed to obtain plaintiff's approval to use any of the at-issue artwork. In the alternative, to the extent plaintiff has any intellectual property rights in the design or configuration of BBB signage or branding, Bob has an irrevocable implied license in any such works based upon TSP's principal's admission that TSP knew it was retained to manufacture a sign to be used by the Bob's franchise and Bob's actions

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT - No. CV09-1420 RSL                - 3 -
444183/070110 1520/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  have been within the scope of its implied license. Bob therefore denies each and every allegation
2  contained in paragraph 4.12.

3      4.13    Bob denies each and every allegation contained in paragraph 4.13.

4      4.14    Bob denies each and every allegation contained in paragraph 4.14.

5      4.15    Bob denies each and every allegation contained in paragraph 4.15.

6      4.16    Bob denies each and every allegation contained in paragraph 4.16.

7      4.17    Bob denies each and every allegation contained in paragraph 4.17.

### V. TSP'S CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

9      5.1.    Bob restates and incorporates by reference the answers, admissions and denials set
10 out in response to paragraphs 1.1-4.17.

11     5.2.    Bob denies each and every allegation contained in paragraph 5.2.

12     5.3.    Bob admits that plaintiff wrongfully registered copyright registrations for various
13 signs relating to BBB. Bob denies each and every remaining allegation contained in paragraph 5.3.

14     5.4.    Bob denies that plaintiff has any intellectual property rights in the art work or
15 configuration of any signs, and therefore denies any allegation contained in paragraph 5.4 that
16 plaintiff had any rights to assign to anyone, or that BBB or anyone else needed to obtain plaintiff's
17 approval to use any of the at-issue artwork. In the alternative, to the extent plaintiff has any
18 intellectual property rights in the design or configuration of BBB signage or branding, Bob has an
19 irrevocable implied license in any such works and Bob's actions have been within the scope of its
20 implied license. Bob therefore denies each and every allegation contained in paragraph 5.4.

21     5.5.    Bob denies each and every allegation contained in paragraph 5.5.

22     5.6.    Bob denies each and every allegation contained in paragraph 5.6.

23     5.7.    Bob denies each and every allegation contained in paragraph 5.7.

24     5.8.    Bob denies each and every allegation contained in paragraph 5.8.

25     5.9.    Bob admits that plaintiff wrongfully alleged that it had rights in the at-issue
artwork. Bob denies each and every remaining allegation contained in paragraph 5.9.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT - No. CV09-1420 RSL - 4 -
444183/070110 1520/63920043

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## VI. PLAINTIFF'S PRAYER FOR RELIEF

6.1    Bob denies that plaintiff is entitled to the relief it seeks;

6.2    Bob denies each and every allegation in Plaintiff's Complaint that Bob has not expressly addressed.

## AFFIRMATIVE DEFENSES

By way of further answer to Plaintiff's Complaint, Bob alleges the following affirmative defenses:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred by the doctrines of waiver.

3.    Plaintiff's claims are barred under the doctrine of unclean hands.

4.    Plaintiff's claims are barred as it has committed copyright misuse, inequitable conduct and otherwise abused the copyright process.

6.    Plaintiff's claims are barred based upon equitable estoppel, waiver, detrimental reliance, release, and other applicable equitable defenses.

7.    Plaintiff's claims are barred because it has no right, title or interest in any "copyrightable" material, as the at-issue art is utilitarian, constitutes BBB's trademark, is not original nor creative as to plaintiff, and otherwise not subject to any copyright protection in the name of plaintiff.

9.    Plaintiff's claims are barred because to the extent that the at-issue artwork is subject to copyright protection in the name of plaintiff, as part of its dealings with plaintiff, Bob acquired an implied irrevocable license to use its brand and trademark and to create derivatives of the at-issue artwork without first obtaining the consent of or further compensating plaintiff.

10.    Plaintiff's claims are barred because to the extent that the at-issue artwork is subject to copyright protection, Bob and/or others were the authors, or at least joint authors, of such work.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

11. Bob incorporates herein by reference all of its counterclaims to the extent they constitute an affirmative defense.

12. Bob reserves the right to state additional affirmative defenses based upon continuing discovery and investigation.

## I.    COUNTERCLAIMS

BBB, further answering the complaint by way of counterclaims against plaintiff, alleges, contends and prays as follows:

## II.    PARTIES AND JURISDICTION

1.1 BBB is a Washington state limited liability company, whose principal place of business located in Lynden, Washington.

1.2 Plaintiff is a Washington state corporation, with its principal place of business located in Lynden, Washington.

1.3 This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

1.4 An actual justifiable controversy exists between BBB and plaintiff within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of the parties rights and obligations with respect to certain images and artwork relating to BBB.

1.5 This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the dispute arises under federal copyright statutes.

1.6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this district.  Further, venue is proper in this district because of plaintiffs' principal places of business.

## II.    FACTS GIVING RISE TO ACTION

2.1 Defendant BBB or its members have been in the business since the first Bob's Burger's & Brew restaurant opened in Lynden, Washington in 1982.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

2.2     From the beginning, Bob's Burgers & Brew restaurants featured distinctive names and symbols created by owner of the original restaurant, Bob Kildall, used as a public representation of Bob's Burgers & Brew in advertising, menus and signs.

2.3     Bob's Burger's & Brew restaurants all have a similar look and feel that is typical of any restaurant with multiple locations. It is a well known practice for a restaurant or other business with multiple locations to have those locations resemble one another in order to promote brand recognition.

2.4     BBB holds all copyright and trademark rights in Bob's Burgers & Brew related symbols and artwork.

2.5     From time to time, BBB would retain plaintiff to assist with building signage for Bob's Burgers & Brew locations.

2.6     BBB fully compensated plaintiff for all work performed under the sign contracts.

2.7     All signs were created by combining Bob's symbols, trademarks and names sized in a manner designed to fit the particular building to which the signs would be mounted.

2.8     The precise arrangement of the signage was the result of a collaborative undertaking between BBB and the sign contractor.

2.9     At the time of BBB's dealings with plaintiff, it was not contemplated that plaintiff would have a monopoly on all future sign building for Bob's Burgers & Brew restaurants that employed Bob's Burgers & Brew trademarks and symbols.

2.10    At the time of BBB's dealings with plaintiff, it was not contemplated that BBB would need plaintiff's consent to build similar signs and restaurants in the future in a manner consistent with industry practice.

2.11    When BBB solicited bids for its Yakima, Washington location for signage similar to the signs on similar buildings at its previous locations, plaintiff lost the bid.

2.12    After plaintiff lost the bid for the Yakima location, plaintiff claimed it had copyrighted the Bob's Burgers & Brew trademark and name and that none of plaintiff's

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 7 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

competitors could build signs for BBB that resembled signs on existing BBB restaurants. Plaintiff attempted to induce acceptance of its losing bid though threats of copyright liability.

2.13   To bolster its claims of copyright protection, plaintiff wrongfully filed the registrations found in paragraph 4.2 of the Complaint. Though plaintiff has made signs for many other companies, the registrations set forth in paragraph 4.2 of the Complaint are the only alleged copyrights plaintiff has registered with the United State Copyright Office.

2.14   The works in the copyrights registrations listed in paragraph 4.2 of Plaintiff's Complaint are derived from preexisting works owned by BBB.

2.15   The works in the copyright registrations listed in paragraph 4.2 of Plaintiff's Complaint contain no non-trivial aspects original to plaintiff, precluding copyright protection as a derivative work under 17 U.S.C. § 103(b).

2.15   Recognition of copyright rights in Bob's Burger & Brew related materials in plaintiff would limit copyright protection afforded to BBB in its preexisting works and limit the ability of BBB or others to create derivatives of BBB's original works without fear of litigation, precluding copyright protection for the at-issue artwork as a derivative work under 17 U.S.C. § 103(b).

### III.   CAUSES OF ACTION – DECLARATORY RELIEF

3.1   BBB incorporates by reference the allegations in paragraphs 2.1 through 2.15.

3.2   There exists a genuine and bona fide dispute, and an actual controversy and disagreement between BBB and plaintiff concerning copyright ownership and licensing.

3.3   Pursuant to 28 U.S.C. §§ 2201 through 2202, BBB requests that the Court declare the following:

- BBB is the owner of all copyrights and trademarks relating to BBB.

- Plaintiff has no right interest or title in the works set forth in its Complaint or in any other symbols, signs, or art work relating to BBB.

- To the extent plaintiff has a copyright the works referenced in the Complaint or in any other symbols, signs, or art work relating to BBB, BBB

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 8 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

has a non-exclusive, irrevocable implied license to create derivatives of the copyrighted works for use in its business.

- No signage or advertising at any BBB location infringes on any copyright held by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Bob respectfully requests this Court enter judgment in its favor:

(1) dismissing Plaintiff's Complaint with prejudice;

(2) declaring that BBB is the sole owner of all copyrights at issue in this case;

(3) directing plaintiff to request cancellation of the copyright registrations listed in paragraph 4.2 of Plaintiff's Complaint from the United States Copyright Office; and

(4) awarding Bob their attorneys' fees and costs.

DATED this 1st day of July, 2010.

BETTS, PATTERSON & MINES, P.S.


By  /s Daniel L. Syhre
    Lawrence Gottlieb, WSBA #20987
    James D. Nelson, WSBA #11134
    Daniel L. Syhre, WSBA #34158
Betts Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
Telephone:  (206) 292-9988
Facsimile:  (206) 343-7053
E-mail:     lgottlieb@bpmlaw.com
E-mail:     jnelson@bpmlaw.com
E-mail:     dsyhre@bpmlaw.com
Attorneys for Defendants Bob's Burger and Brew of Washington, LLC, Rick Kildall; and Bob Kildall

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 9 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**CERTIFICATE OF SERVICE**

I, Daniel L. Syhre, hereby certify that on July 1, 2010, I electronically filed the following:

- **Defendants' Answer To Plaintiff's First Amended Complaint For Copyright Infringement; and**

- **Certificate of Service;**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff The Sign Post, Inc.*:
Venkat Balasubramani
Sean M. McChesney
Focal PLLC
8426 – 40th Avenue S.W.
Seattle, WA  98136
venkat@focallaw.com
sean@focallaw.com

DATED this 1st day of July, 2010.

BETTS, PATTERSON & MINES, P.S.


By  /s Daniel L. Syhre
   Lawrence Gottlieb, WSBA #20987
   James D. Nelson, WSBA #11134
   Daniel L. Syhre, WSBA #34158
Betts Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
Telephone:  (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:      lgottlieb@bpmlaw.com
E-mail:      jnelson@bpmlaw.com
E-mail:      dsyhre@bpmlaw.com
Attorneys for Defendants Bob's Burger and Brew of Washington, LLC, Rick Kildall; and Bob Kildall

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - No. CV09-1420 RSL
444183/070110 1520/63920043

- 10 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988